## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                                                  **Case No. 8:05-cr-199-T-30TBM**

**WILMER RIOS PEREZ**

_____

### ORDER

This matter is before the Court for consideration of Defendant's Response to the Court's Order to Show Good Cause for Leave to Supplement §2255 Motion (Dkt. 119).  On July 10, 2007,[1] Defendant filed his Motion for Leave to Supplement Petitioner's §2255 Motion (Dkt. 117). In his Motion, Defendant claimed he "filed a timely §2255 Motion with this court on or about the 18th of February, 2007." A review of the Court's docket indicated that no such motion was filed with the Clerk's office.  Therefore, on July 19, 2007, the Court ordered Defendant to show good cause, in writing, as to why this Court should not deny his Motion as moot (Dkt. 118).

Defendant asserts in his response to the Order that he filed a §2255 Motion with the Court on February 18, 2007 (Dkt. 119).  Defendant attached as an exhibit to his response his §2255 Motion which is dated February 18, 2007, and which includes a certificate of service

---

[1] Although the motion was not received by the Clerk's office for filing until July 18, 2007, this circuit considers § 2254 petitions for habeas relief, § 2255 motions to vacate, and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's §2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

stating, in pertinent part, that the §2255 Motion was mailed via certified mail "to the Clerk of Court, United States District Court, Middle District of Florida." (Id. at Ex. B). Defendant did not provide to the Court a copy of an institutional mail log verifying when he delivered his §2255 Motion to prison officials for mailing.

Accordingly, the Court **ORDERS** that:

1. Defendant shall have **TWENTY (20) DAYS** from the date of this Order to provide the Court with a copy of the institutional mail log verifying the date on which Defendant delivered his §2255 Motion to prison officials for mailing.

2. A ruling on Defendant's Motion for Leave to Supplement Petitioner's §2255 Motion (Dkt. 117) is **DEFERRED**.

**DONE** and **ORDERED** in Tampa, Florida on August 13, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:sfc