UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILMER RIOS PEREZ,

     Petitioner,

v.                                                    CASE NO:  8:07-cv-01839-T-30TBM
                                           Crim. No. 8:05-cr-199-T-30TBM

UNITED STATES OF AMERICA,

     Respondent.

_____/

**ORDER**
**and**
**NOTICE OF EVIDENTIARY HEARING**

THIS CAUSE comes before the Court upon Petitioner's Second Amended Motion to Vacate or Correct his sentence pursuant to 18 U.S.C. §2255 (Dkt. #4), and the Government's Response (Dkt. #6).  Petitioner did not file a reply. In his Motion, Petitioner asserts that he instructed his counsel to file an appeal and his counsel failed to do so.  An evidentiary hearing will be necessary to resolve this issue.

This matter is hereby scheduled for an evidentiary hearing on **MONDAY, JULY 21, 2008, AT 1:30 P.M.**  at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602.   Time reserved: Ninety (90) minutes. (Spanish interpreter required.)

The Government is directed to transport Petitioner to the Tampa, Florida, area at least twenty (20) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing.  Further, the Government is directed to subpoena JAMES JOHN ARMINGTON, Esquire, to be present at the hearing with his file concerning his representation of Petitioner.

Magistrate Judge Thomas B. McCoun, III, is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address Petitioner's claim that his prior counsel's failure to file appeal at his direction entitles Petitioner to relief.

Additionally, the Petitioner states three alternative grounds for relief. These grounds are without merit and petitioner is therefore entitled to no relief on these grounds.

## BACKGROUND

### Petitioner's Guilty Plea

On June 30th, 2005, Petitioner pled guilty, pursuant to a written plea agreement, to one count of possession of five kilograms or more with intent to distribute. The plea agreement between Petitioner and the Government included a series of pledges and caveats, including the following:

1.      The Government agreed not oppose the Petitioner's request to the Court that Petitioner receive a two-level downward adjustment for acceptance of responsibility for his actions, pursuant to USSG §3E1.1(a). This pledge was followed by the caveat that "defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea."

(Plea Agreement, CR Dkt. #32).

2.      The Government agreed that if Petitioner complied with the provisions of USSG §3E1.1(b), the Government would file a motion for a downward adjustment of Petitioner's sentence of one additional level. This pledge was immediately followed by the caveat that "[t]he defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Plea Agreement, CR Dkt. #32).

3.      The Government agreed that it would not oppose defendant's request to the Court to impost a sentence in accordance with the applicable guidelines without regard to the statutory minimum sentence, pursuant to USSG §5C1.2, if the Court found that the Petitioner met the criteria set forth in 18 U.S.C. § 3553(f). This pledge was immediately followed by the caveat that "[t]he defendant understands that this recommendation or request is not binding on the Court." (Plea Agreement, CR Dkt. #32).

4.      The Government agreed that it would consider whether Petitioner's cooperation with authorities qualifies as "substantial assistance," such that it would warrant the filing of a motion recommending a downward departure from the applicable guideline range, pursuant to USSG §5K1.1, the imposition of a sentence below the statutory minimum, pursuant to 18 U.S.C. § 3553(e), or both. This agreement was immediately followed by the caveat that "the defendant understands that the determination as to whether 'substantial assistance' has been

provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Plea Agreement, CR Dkt. #32).

With regards to the last of these agreements, the Government opted to exercise its reserved discretion and did not file a §5K1.1 motion for imposition of a sentence below the minimum espoused by the guidelines. On August 5th, 2005, the Court accepted Petitioner's guilty plea. On December 6th, 2005 the Court sentenced Petitioner to 120 months in prison, including a two-level enhancement based on Petitioner's possession of a firearm and an adjustment for the Court's finding that Petitioner played only a minor role. Notably, this sentence was the minimum required by statute.

No appeal was filed in Petitioner's case and the judgment therefore became final on December 16, 2005.

**The Present Petition**

The circumstances surrounding Petitioner's filing of his § 2255 Motion are such that Petitioner was granted leave to file his Motion after the expiration of the one-year limitation period prescribed by 18 U.S.C. § 2255. These circumstances are as follows:

1.      On January 19th, 2007, the Petitioner filed a motion inquiring as to the status of a request for an extension of time to file his § 2255 motion. Petitioner claimed he filed this Request in November, 2006, and attached a copy of his Request to this inquiry.

2.      On January 30th, 2007, the Court directed the clerk to file the attached request and granted an "equitable tolling period," allowing giving Petitioner  until February 20th, 2007, to file a §2255 motion.

3.      On July 18th, 2007, the Petitioner filed a motion for leave to supplement his §2255 motion. The Court's docket, however, showed that no §2255 motion had been filed, and as such the Court issued an order giving the Petitioner 20 days to show good cause as to why his Motion should not be denied as moot. On August 10th, 2007, Petitioner filed his response, attaching a copy of the §2255 Motion he filed on February 18th, 2007, according to his certificate of service. On September 6, 2007, the Court granted the petitioner's motion to supplement his § 2255 Motion, and Petitioner did so.

4.      On October 23, 2007, the Court ordered Petitioner to file a second Amended Motion to Vacate, using the appropriate form. Petitioner filed this, the instant Petition, on November 13th, 2007.

In his Petition, the Petitioner asserts four grounds for relief. First, Petitioner alleges that his counsel was ineffective because counsel failed to appeal his sentence even though Petitioner requested that he do so. Second, Petitioner alleges that his counsel was ineffective because counsel was "inadequately prepared for his criminal proceedings." Third, Petitioner argues that he is entitled to relief because the Government's failure to file a §5K1.1 motion on Petitioner's behalf constitutes a "denial of fairness under the law." Fourth, Petitioner argues that he is entitled to relief because the court "over-represented" his offense level.

Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court concludes that Petitioner is entitled to an evidentiary hearing regarding his first stated ground for relief, and that his other three stated grounds for relief are without merit.

## STANDARD OF REVIEW

According to 18 U.S.C. § 2255, a federal prisoner may challenge his sentence only in the following four circumstances: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence is otherwise open to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental has to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

Further, where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court may dispose of a petitioner's claims without an evidentiary hearing. See 18 U.S.C. § 2255.

## DISCUSSION

Petitioner has asserted four grounds for relief. Three are invalid on their face and one will require an evidentiary hearing to resolve. Each of Petitioner's stated grounds will be considered in turn.

**Counsel's alleged failure to file an appeal at Petitioner's request.**

Petitioner alleges that he was denied effective assistance of counsel in violation of his Sixth Amendment rights when he asked his attorney to appeal his sentence and his attorney failed to do so. Because resolving this issue requires finding of facts, an evidentiary hearing will be held.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show two things: (1) that counsel's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that counsel's deficient performance prejudiced the defendant, Id. at 694.

Regarding the first portion of the Strickland test, an attorney who disregards instructions from his client to appeal has *ipso facto* acted in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Regarding the "prejudice" prong of the Strickland test, a petitioner must show that there is a reasonable probability that the petitioner would have timely appealed, had his attorney file the notice of appeal requested. Flores-Ortega, 528 U.S. at 480. While demonstrating that the petitioner has nonfrivolous grounds for appeal may be adequate to establish that a petitioner would have appealed, a petitioner is not required to offer nonfrivolous grounds for appeal to establish prejudice. Id. at 483; Gomez-Diaz v. United States, 433 F.3d 788, 793-94 (11th Cir. 2005). Where an attorney fails to follow express instructions to appeal, prejudice is presumed. Gomez-Diaz v. United States, 433 F.3d at 790-92.

Here, the Petitioner alleges both that his attorney failed to file an appeal per Petitioner's request and that he was prejudiced by this failure. As there is no conclusive evidence in the record either supporting or contradicting Petitioner's allegations, an evidentiary hearing must be held.

**Counsel's alleged failure to adequately prepare for plea and sentencing**

Petitioner also alleges that his Sixth Amendment rights to effective assistance of counsel were violated because his attorney failed to adequately prepare for his plea and sentencing. Because the motion, files, and records of this case conclusively show that the Petitioner is entitled to no relief on this ground, the Court concludes that this claim is without merit.

As observed, <u>supra</u>, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's actions were objectively unreasonable, <u>Strickland</u>, 466 U.S. at 688, and (2) that the petitioner was prejudiced by counsel's unreasonable behavior. <u>Id.</u> at 694. With respect to counsel's preparation for Petitioner's plea and sentencing, Petitioner has alleged no facts that satisfy either of these prongs and there is nothing in the record that provides any additional support for Petitioner's claim.

**Petitioner's final two grounds for relief**

Petitioner's final two grounds are also without merit and can therefore not serve as a basis for relief.

Petitioner's argument that he is entitled to relief because the Government failed to file a §5K1.1 motion for reduction of sentence on Petitioner's behalf is without merit because the

decision to file such a motion is entirely within the Government's discretion. Indeed,

Petitioner signed a plea agreement in which he acknowledged that this was the case.

Similarly, Petitioner's argument that this Court "over-represented" his offense level and

sentence is unavailing because Petitioner fails to offer any facts or law to support this

assertion. On the contrary, Petitioner's sentence of 120 months is in line with the "mandatory

minimum" provided by law, and was well within the Court's purview to administer. See

United States v. Booker, 543 U.S. 220 (2005).

### CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is entitled to an evidentiary

hearing on the factual validity of his first stated ground for relief, and that his other stated

grounds are without merit.

It is therefore ORDERED and ADJUDGED that:

1.      This matter is scheduled for an evidentiary hearing on **MONDAY, JULY**

**21, 2008, AT 1:30 P.M.**  at the U. S. Sam Gibbons Courthouse, 801 North Florida

Avenue, Courtroom #13A, Tampa, Florida 33602.   Time reserved: Ninety (90) minutes.

(Spanish interpreter required.)

2.      The Government is directed to transport Petitioner to the Tampa, Florida, area

at least twenty (20) days prior to the hearing so that he may meet with newly appointed

counsel and attend the hearing.  Further, the Government is directed to subpoena JAMES

JOHN ARMINGTON, Esquire, to be present at the hearing with his file concerning his

representation of Petitioner.

   3.  Magistrate Judge Thomas B. McCoun, III, shall appoint new CJA counsel for

Petitioner to address Petitioner's remaining claim for relief.

   **DONE** and **ORDERED** in Tampa, Florida on May 30, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Magistrate Judge Thomas B. McCoun
Counsel/Parties of Record
James John Armington, Esquire
United States Marshal
Kathy Thomas, Interpreter Coordinator

F:\Docs\2007\07-cv-1839.evid hrg.wpd